Carolyn M. HOLT, Plaintiff,

v.

Edward P. CAMUS, Defendant.

No. Civ. PJM 99–532.

United States District Court,
D. Maryland.

Jan. 31, 2000.

Carolyn M. Holt, Tampa, FL, Pro se.

Bruce l. Marcus, Marcus and Bonsib, Greenbelt, MD, for Defendant.

### MEMORANDUM OPINION

MESSITTE, District Judge.

I.

This action arises in connection with testimony Defendant Edward P. Camus gave during a deposition in a separate but related proceeding and statements he allegedly republished to Judge Darlene Perry of the Circuit Court for Prince George's County. Pro Se Plaintiff Carolyn M. Holt claims Camus made false statements regarding

her sexual promiscuity with the intent to jeopardize her career and reputation.

Initially Holt sued Camus in a three-count Complaint for Defamation, False Light, and Intentional Infliction of Emotional Distress. Camus moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. By Memorandum Opinion and Order dated September 30, 1999, the claims for False Light and Intentional Infliction of Emotional Distress were dismissed. As part of its Order, the Court specifically directed: (1) Holt to file an Amended Complaint re-pleading more specifically her claim of defamation as to the statement Camus allegedly made to Judge Perry, including "what was said, and the time, place and circumstances of the statement," and (2) Camus to file a Motion for Summary Judgment as to Count I.

Four motions are now before the Court: (1) Camus's Motion to Strike Amended Complaint and/or Dismiss; (2) Camus's Motion for Summary Judgment; (3) Holt's Motion to Extend Time to Respond to Defendant's Second Motion for Summary Judgment and to Allow Relevant Discovery Prior to the Issuance of a Scheduling Order; and (4) Camus's Motion for More Definite Statement. The Court will GRANT Camus's Motion to Strike; will GRANT Camus's Motion for Summary Judgment; will deem Holt's Motion to Extend Time MOOT; and will deem Camus's Motion for More Definite Statement MOOT.

## II.

■ In her Amended Complaint, Holt has repleaded causes of action for False Light and Intentional Infliction of Emotional Distress. Camus has filed a Motion to Strike Amended Complaint and/or Dismiss seeking yet again to eliminate these causes of action.

Holt did not seek and the Court will not grant her leave to replead claims for False Light (Count II) and Intentional Infliction of Emotional Distress (Count III). Her suggestion that "[t]he inclusion of [previously dismissed] counts is not done in disregard of [the Court's] ruling, but to preserve any appellate issues" is inappropriate; whatever appeal rights she has vis-a-vis these causes of action do not require her to replead the counts in her Amended Complaint.[1] Accordingly, Count II and Count III of the Amended Complaint are STRICKEN.

## III.

The Court GRANTS Camus's Motion for Summary Judgment as to Count I (Defamation) of the Amended Complaint.

Summary judgment is warranted when the facts, viewed in the light most favorable to the non-moving party, raise no genuine issue as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). In making its determination, the Court may rely upon the pleadings, depositions, answers to interrogatories, admissions on file, or any affidavits made on personal knowledge. Fed.R.Civ.P. 56(c). When the moving party supports the motion with an affidavit, an adverse party may not rest upon mere allegations or denials, but by affidavit or as otherwise provided, must set forth specific facts showing there is a genuine issue of material fact. *In Re John Edmond,* 934 F.2d 1304, 1307 (4th Cir.1991).

■ To recover for defamation under Maryland law, a plaintiff must establish four elements: (1) that the defendant made a defamatory statement regarding the plaintiff to a third person; (2) that the statement was false; (3) that the defendant was legally at fault in making the

---

1. An order dismissing some, but not all, counts of a Complaint is considered interlocutory. A district court order is appealable only after final judgment is rendered. *See* 28 U.S.C. § 1291.

statement; and (4) that the plaintiff suffered harm thereby. *Rosenberg v. Helinski,* 328 Md. 664, 675, 616 A.2d 866 (1992).

 In support of his Motion for Summary Judgment, Camus submits an Affidavit from Judge Darlene G. Perry, the third-party to whom Camus purportedly published the defamatory statement. Judge Perry categorically denies that Camus made any statement to her regarding Holt's sexual activities or proclivities. In her Opposition to the Motion, Holt offers no affidavit contradicting Judge Perry's statement. Rather, she alleges that Judge Perry's purported relationship with Camus makes her a biased and unbelievable witness. The argument has no merit. A party may not rely on the possibility that a negative inference will be drawn from a witness's testimony to establish that the opposite of what the witness says is true. *See Dyer v. MacDougall,* 201 F.2d 265, 269 (2d Cir.1952). Since no genuine issue of material fact has been raised by Holt's conclusory statements, Camus is entitled to summary judgment as to Count I (Defamation), the sole remaining count.

### IV.

In light of the foregoing, Holt's Motion to Extend Time to Respond to Defendant's Second Motion for Summary Judgment and to Allow Relevant Discovery Prior to Issuance of a Scheduling Order is MOOT as is Camus's Motion for More Definite Statement.

Final judgment will be ENTERED in favor of Defendant Camus and against Plaintiff Holt and the Clerk of the Court will be directed to CLOSE this case.

A separate Order implementing this Memorandum Decision will be entered.

### *ORDER*

Upon consideration of Camus's Motion to Strike Amended Complaint and/or Dismiss; Camus's Motion for Summary Judgment; Holt's Motion to Extend Time to Respond to Defendant's Second Motion for Summary Judgment and to Allow Relevant Discovery Prior to the Issuance of a Scheduling Order; and Camus's Motion for More Definite Statement, for the reasons set forth in the accompanying Memorandum Opinion, it is this 28 day of January, 2000

ORDERED:

(1) Defendant Camus's Motion to Strike is GRANTED;

(2) Defendant Camus's Motion for Summary Judgment is GRANTED;

(3) Plaintiff Holt's Motion to Extend Time is MOOT;

(4) Defendant Camus's Motion for More Definite Statement MOOT;

(5) Final judgment is ENTERED in favor of Defendant Camus and against Plaintiff Holt;

(6) The Clerk of the Court shall CLOSE this case